Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUSSELL E. BURNS and RICHARD PIOMBO, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND,

PENSION TRUST FUND FOR OPERATING ENGINEERS,

PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE FUND,

OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND,

HEAVY AND HIGHWAY COMMITTEE; and

OPERATING ENGINEERS LOCAL UNION No. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO,

    Plaintiffs,

v.

RIVER VIEW CONSTRUCTION, INC., a California Corporation,

    Defendant.

Case No.:

**COMPLAINT**

P:\CLIENTS\OE3CL\River View Construction Inc 2\Pleadings\Complaint.doc

Parties

1. The Operating Engineers' Health and Welfare Trust Fund; Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers' Health and Welfare Fund; and Operating Engineers and Participating Employers Pre-apprenticeship, Apprentice and Journeymen Affirmative Action Training Fund are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs." Russell E. Burns and Richard Piombo are Co-Chairmen of the Joint Boards of Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. The Heavy and Highway Committee is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of ERISA Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

4. River View Construction, Inc., a California Corporation ("Defendant"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2).

Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of Labor Management

Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the ERISA Plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between Defendant and the Union.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

8. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

9. Venue exists in this Court with respect to the claims under LMRA § 301(a) and 302(c) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to ERISA Plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiffs' funds, the Bargained Plans and dues were administered during the period claimed herein, and where Defendant therefore failed to fulfill their statutory and contractual obligations to the ERISA Plaintiffs.

## Bargaining Agreement

11. Defendant River View Construction, Inc. entered into the Operating Engineers Trust Funds Apprenticeship Subscription Agreement for Payment of Fringe Benefits (Project Only) and the Oakland Unified School District Project Labor Agreement for the Prescott Modernization Project and the Claremont MS Landscape Improvements Project (hereinafter collectively referred to as the "PLAs"), wherein it agreed to be bound in all respects by the terms of the Trust Agreements establishing the Trust Funds. Said PLAs and Trust Agreements require employer contributions to the Plaintiffs' Funds, to the Union for union dues, and to the bargained

1 plans more fully described in the PLAs. As such, ERISA Plaintiffs, the Union, and the bargained plans are third party beneficiaries of said PLAs and Trust Agreements.

12. Under the terms of the PLAs and Trust Agreements, Defendant is required to pay certain contributions to the Vacation and Holiday Pay Plan; Contract Administration Fund; Market Area Fund; Pension Restoration - Journeymen; Pensioned Health and Welfare; Health and Welfare; Operating Engineers Industry Stabilization Fund; Business Development Fund; Affirmative Action; Annuity Fund; Apprentice Pension; Apprentice Vacation; Apprentice Affirmative Action; California Const. Industry Force; Pension; Pension Restoration – Apprentice; and Heavy and Highway Committee, collectively referred to herein as the "Bargained Plans." Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans under the PLAs and Trust Agreements, which Defendant agreed to be bound by.

13. Under the terms of the PLAs and the Trust Agreements, which are incorporated into the PLAs and made binding on Defendant, Defendant is required to submit monthly reports of hours worked by its employees and to regularly pay to the Plaintiffs' ERISA Funds, to the Union for union dues, and to the Bargained Plans, certain sums of money, the amounts of which are determined by the hours worked by employees of Defendant, all as more fully set forth in said PLAs and Trust Agreements. In addition, under the terms of said PLAs and Trust Agreements, Defendant agreed to pay liquidated damages and interest for each delinquent contributions payment, at the rates set by the PLAs and Trust Agreements, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth or incorporated into said PLAs and Trust Agreements.

14. Under the terms of said PLAs and Trust Agreements, which are incorporated into the PLAs and made binding on Defendant, Defendant is required to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to the ERISA Plaintiffs, all as more fully set forth in said PLAs and Trust Agreements.

Facts

15. Defendant has a statutory duty to timely make required payments to Plaintiffs

under ERISA § 515, 29 U.S.C. § 1145.

16. Defendant has a contractual duty under the PLAs and Trust Agreements to timely report and pay required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Bargained Plans, and to timely make the required payment of union dues to the Union.

Defendant also has a contractual duty under the PLAs and Trust Agreements to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs.

17. Defendant has failed and refused to pay contributions found due on an audit of its payroll records for the period of July 1, 2010 through December 31, 2011 in the amount of $8,656.54. Liquidated damages and interest have been incurred and are owing for the unpaid contributions for the above periods, as well as audit fees.

ERISA Plaintiffs are also entitled to recover any and all additional contributions, and all liquidated damages and interest thereon, found due on timecards, further audit, or that otherwise become due through the time of Judgment.

ERISA Plaintiffs expressly reserve the right to conduct a further audit to determine whether there are any additional amounts due by Defendant to Plaintiffs.

18. Defendant's failure and refusal to make payment was at all times, and still is, willful. Defendant continues to breach said PLAs and Trust Agreements by failing to pay all amounts owed, as alleged. Said refusal is unjustified and done with knowledge and intent.

19. By failing to make such timely payments as required, Defendant has breached its statutory and contractual duties described above. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the PLAs, and the Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

20. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that the ERISA Plaintiffs' Trusts and their participants will suffer irreparable

injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

21. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by the ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For an order enjoining Defendant from violating the terms of the PLAs and the Trust Agreements, and enjoining Defendant from disposing of any assets and continuing operations of its business until it complies with said terms.

2. For judgment against Defendant in favor of the ERISA Plaintiffs, Bargained Plans, and the Union in an amount equal to:

(a) All unpaid contributions due for hours worked as specified above and thereafter through the time of judgment, including as found due on audit, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) as required:

   (i) To the ERISA Plaintiffs, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A)

   (ii) To the Bargained Plans, in accordance with the PLAs.

   (iii) To the Union for dues, in accordance with the PLAs.

(b) Liquidated damages in an amount equal to the greater of:

   (i) Interest on the unpaid contributions, or

   (ii) Liquidated damages on the aforementioned unpaid contributions in accordance with the PLAs, Trust Agreements, and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) with respect to the ERISA Plaintiffs.

(c) Interest on the aforementioned unpaid contributions at rates and in accordance with the PLAs, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B) with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues and where otherwise appropriate.

(d) Any additional contributions payable at time of judgment to ERISA Plaintiffs and the Bargained Plans as third party beneficiaries of the PLAs and Trust Agreements, and to the Union, plus interest and liquidated damages in accordance with the PLAs, Trust Agreements, and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) with respect to the ERISA Plaintiffs.

(e) Audit compliance as may be requested by ERISA Plaintiffs in accordance with the Trusts Procedures; payment of amounts found due on such further audit, and audit testing fees in accordance with the Bargaining Agreement and governing documents of the ERISA Plaintiffs, in accordance with ERISA § 502(g)(2)(E).

(f) Reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D) for the ERISA Plaintiffs; in accordance with the PLAs for all Bargained Plans; and in accordance with LMRA § 301, 29 U.S.C. § 185 for all ERISA Plaintiffs.

3. That the Court retain jurisdiction of this case pending compliance with its orders.

4. For such other and further relief as the Court may deem just and proper.

Dated: October 9, 2013

SALTZMAN & JOHNSON
LAW CORPORATION

By: _____
Michele R. Stafford
Erica J. Russell
Attorneys for Plaintiffs